# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JEREMY HUNTER, <br><br> Defendant. | No. 06-CR-08-LRR <br><br> **SENTENCING MEMORANDUM** |

_____

## *I. INTRODUCTION*

In this sentencing, the court must decide two important legal issues: (1) whether Defendant Jeremy Hunter's two prior convictions in state court for Incest trigger an enhanced statutory sentencing range, pursuant to 18 U.S.C. § 2252A(b)(2); and (2) whether a five-level upward adjustment for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor" is appropriate, pursuant to USSG §2G2.2(b)(5).

## *II. PROCEDURAL BACKGROUND*

On January 20, 2006, the government charged Defendant in a one-count Indictment. The government alleged Defendant knowingly possessed and attempted to possess child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

On April 4, 2006, Defendant and the government signed a plea agreement. Defendant agreed to plead guilty to Count 1 of the Indictment. The parties agreed to litigate the two legal issues discussed above. On April 18, 2006, Defendant pled guilty to the Indictment.

On August 14, 2006, the United States Probation Office ("USPO") prepared a

Presentence Investigation Report ("PSIR"). On September 11, 2006, the USPO revised the PSIR. On October 18, 2006, the government and Defendant filed their respective sentencing memoranda. On November 13, 2006, the government and Defendant filed responses.

On November 27, 2006, sentencing proceedings commenced at a hearing ("Hearing") held before the undersigned. Assistant United States Attorney Sean R. Berry represented the government. Assistant Federal Public Defender Casey D. Jones represented Defendant. Defendant was personally present.

At the Hearing, the parties fully argued the two disputed issues and submitted them for the court's decision. The court informed the parties that it would issue the instant Sentencing Memorandum and continued the remainder of the Hearing to December 22, 2006, at 11:30 a.m.

In the instant Sentencing Memorandum, the court analyzes the legal issues fully presented to the court to date. When the Hearing resumes, the court shall receive argument on any remaining issues, allow Defendant to address the court if he wishes, and pronounce sentence in a manner consistent with the instant Sentencing Memorandum.

### III. ENHANCED STATUTORY SENTENCING RANGE

Congress provided for an enhanced statutory sentencing range of ten to twenty years' imprisonment for a convicted child pornographer, if the government proves that the child pornographer "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor . . . ." 18 U.S.C. § 2252A(b)(2).[1] The government contends Defendant has two prior convictions for Incest, in violation of Iowa Code § 726.2 (1995), and thus the enhanced statutory

---

[1] Ordinarily the sentencing range is zero to ten years' imprisonment. 18 U.S.C. § 2252A(b)(2).

2

sentencing range applies. Defendant contends the Incest convictions do not "relat[e] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor . . . ." 18 U.S.C. § 2252A(b)(2). This issue is a question of federal law. *See United States v. Storer*, 413 F.3d 918, 921 (8th Cir. 2005), *enforced*, 2006 WL 2827865 (8th Cir. Oct. 5, 2006).

The court begins its analysis with an examination of the elements of the prior convictions. *See, e.g., United States v. Trogdon*, 339 F.3d 620, 621 (8th Cir. 2003) (examining elements first). Iowa's Incest statute criminalizes "perform[ing] a sex act with another whom the person knows to be related to the person . . . as . . . [a] brother or sister . . . ." Iowa Code § 726.2. The elements of Incest are:

> (1) the defendant performed a sex act with another person;
> (2) the defendant was related to that person as [a] . . . brother or sister; and
> (3) at such time, the defendant knew that they were so related.

*Id.*; *accord* Iowa Crim. Jury Instr. § 2600.1 (2006)).

If the court only considers the elements of Iowa Code § 726.2, it is not apparent that Defendant's Incest convictions are "relat[ed] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." 18 U.S.C. § 2252A(b)(2). Force[2] is not an essential element of Incest. Iowa Code § 726.2; *see State v. McCall*, 63 N.W.2d 874, 879 (Iowa 1954) (interpreting similarly worded predecessor statute and holding that force, violence and lack of consent are not essential elements of Incest) (citing *State v. Jones*, 10

---

[2] The parties implicitly equate the terms "abuse" and "abusive" with "force." *See* 18 U.S.C. § 2241 (defining crime of "aggravated sexual abuse"); *id.* § 2242 (defining crime of "sexual abuse"); *id.* § 2243 (defining crime of "sexual abuse of a minor or ward"); *id.* § 2244 (defining crime of "abusive sexual contact"); *see also United States v. Hubbard*, 2005 WL 936965 (N.D. Tex. Apr. 20, 2005) (looking to same statutes to define same terms).

N.W.2d 526, 527 (Iowa 1943)). Likewise, a defendant is not required to have sex with a minor to commit Incest. Iowa Code § 726.2 (requiring only that the defendant have sex "with another"); *cf. United States v. Hiler*, 1 Morris 330, 331 (Iowa 1844) (holding that both parties to the incestuous activity had to be over the age of sixteen, because materially different predecessor statute explicitly required it). In other words, Incest can be committed with or without force, as well as with a minor or with an adult. Iowa Code § 726.2.

To show that Defendant's Incest convictions involved force and sex with minors, the government offered seven exhibits into evidence at the Hearing. The exhibits are various documents filed in the state court proceedings: Government Exhibit 1 (Original Trial Information and Minutes of Testimony), Government Exhibit 2 (Amended and Substituted Trial Information); Government Exhibit 3 (Transcript of Guilty Plea Proceedings); Government Exhibit 4 (Order on Guilty Plea); Government Exhibit 5 (Transcript of Judgment and Sentence); Government Exhibit 6 (Order on Judgment and Sentence); and Government Exhibit 7 (Iowa Department of Correctional Services Presentence Investigation Report).

The exhibits show that Defendant repeatedly raped both his minor brother and his minor sister in 1995, and that such rapes were the factual basis for his Incest convictions. Defendant neither contests that he raped his brother or sister, nor offers a different factual basis for his Incest convictions. *Compare* PSIR ¶¶ 34-35 (detailing rapes as the factual basis for the Incest convictions), *with* Addendum to PSIR (setting forth Defendant's objections). Rather, Defendant contends that the court may not consider the government's exhibits, because § 2252A(b)(2) forbids the court from considering anything beyond the statute of conviction. In other words, the court must adopt an "elements-only" approach to § 2252A(b)(2).

*Trogdon* forecloses Defendant's argument. In *Trogdon*, the Eighth Circuit Court of Appeals explicitly rejected an elements-only approach to 18 U.S.C. § 2252A(b)(2). The Eighth Circuit Court of Appeals stated that, when the sentencing court cannot determine from the elements whether the conviction is a qualifying predicate offense under § 2252A(a)(2)(A), the court "must proceed to examine the underlying facts of the prior offense . . . ." *Trogdon*, 339 F.3d at 621; *see also United States v. Harding,* 172 Fed. Appx. 910, 912-13 (11th Cir. 2006) (examining charges in a criminal information), *cert. denied*, 127 S. Ct. 88 (2006); *United States v. McCutchen*, 419 F.3d 1122, 1127 (10th Cir. 2005) (observing that Congress's use of "relating to" in § 2252(b)(2) "indicates its intent to allow a sentencing court to look beyond the mere elements of a prior state conviction"); *United States v. Rezin*, 322 F.3d 443, 448 (7th Cir. 2003) ("It would be stranger still if someone whose prior conviction *did* involve abusive sexual conduct with a minor escaped the heavier punishment [under § 2252(b)(2)] because the age of the victim was not an element of the particular offense for which he was convicted." (Emphasis in original.)). *But see United States v. Galo*, 239 F.3d 572, 582 (3d Cir. 2001) ("It is the elements of a given statute, not the conduct that violates it that determines if the statute relates to the sexual exploitation of children.").[3]

In the alternative, Defendant contends that *Shepard v. United States*, 544 U.S. 13 (2005), limits what evidence the court may consider beyond the elements of the statute of conviction. At the Hearing, Defendant objected to the admission of Government Exhibit 1 (Original Trial Information and Minutes of Testimony), Government Exhibit 5 (Transcript of Judgment and Sentence) and Government Exhibit 7 (Iowa Department of

---

[3] A dissenting judge in *Galo* referred to the majority's decision as a "crabbed interpretation," *Galo*, 239 F.3d at 584 (Garth, J., dissenting), and "180 degrees off the mark in [its] conclusion," *id.* at 585.

5

Correctional Services Presentence Investigation Report) as inadmissible under *Shepard*. The court admitted these three exhibits subject to the objection and unconditionally admitted the rest.

In *Shepard*, the Supreme Court held that sentencing courts are "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," when assessing whether defendants are subject to a sentencing enhancement under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").[4] *Shepard*, 544 U.S. at 16; *accord id.* at 26 (stating that the "enquiry . . . is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information"). Sentencing courts cannot look to police reports or complaint applications. *See generally id.*

Neither the Supreme Court nor the Eighth Circuit Court of Appeals have extended *Shepard*'s analysis of the ACCA to 18 U.S.C. § 2252A(b)(2). Although *Trogdon* indicated the court may look beyond the elements of the prior offense, it does not state what particular evidence the court may consider. *See Trogdon*, 339 F.3d at 621 (pointing out that it was undisputed that the defendant's victim was a minor). For these reasons, the government contends that all of its exhibits should be admitted.

The court shall assume without deciding that *Shepard* extends to § 2252A(b)(2). *See, e.g., McCutchen,* 419 F.3d at 1125-28 (holding that *Shepard* applies to § 2252(b)(2));

---

[4] The ACCA provides for a mandatory minimum sentence of fifteen years' imprisonment, if the government proves that the defendant has three prior convictions for "violent felonies." 18 U.S.C. § 924(e). In *Shepard*, a state burglary statute defined burglary to include a broader range of conduct than "generic burglary," which is a "violent felony." *Shepard*, 544 U.S. at 16.

*cf. United States v. Vasquez-Garcia*, 449 F.3d 870, 872-73 (8th Cir. 2006) (applying *Shepard* to whether a defendant had a prior "firearms offense" under USSG §2L1.2(b)(1)(A)(iii)), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Oct. 18, 2006) (No. 06-7269); *United States v. Lockwood*, 446 F.3d 825, 827 (8th Cir. 2006) (extending *Shepard* to whether a defendant had a "prior sex offense conviction" warranting an upward adjustment in his sentencing guidelines range, pursuant to USSG §4B1.5).[5] Applying *Shepard* and its progeny, the court shall admit Government Exhibit 1 and Government Exhibit 5. The court shall exclude Government Exhibit 7.

Government Exhibit 1 is the Original Trial Information and Minutes of Testimony. *Shepard* poses no bar to its admission, because it is a "charging document." *Shepard*, 544 U.S. at 26. Accordingly, the court admits Government Exhibit 1.[6]

Government Exhibit 5 is the Transcript of the Judgment and Sentence. Although *Shepard* does not explicitly state that transcripts of sentencing proceedings are admissible, the court finds that Government Exhibit 5 is a "comparable judicial record" of unquestioned reliability. *Shepard*, 544 U.S. at 26; *see, e.g., United States v. Ngo*, 406

---

[5] At the Hearing, Attorney Berry stated his belief that the Eighth Circuit Court of Appeals would probably extend *Shepard* to § 2252A(b)(2).

[6] Nevertheless, the court shall only consider the Minutes of Testimony portion of Government Exhibit 1 in its analysis. Defendant pled guilty to the Amended and Substituted Trial Information in Government Exhibit 2, not the Original Trial Information in Government Exhibit 1. The Minutes of Testimony, however, were implicitly incorporated into Government Exhibit 2 and used as the factual basis for Defendant's guilty plea. At the Hearing, Defendant's counsel conceded that, in state court practice, when an amended trial information is filed, the minutes of testimony from the original trial information are not retyped but instead implicitly incorporated by reference into the amended and substituted trial information. Consistent with this representation, Defendant was asked about the Minutes of Testimony during his plea colloquy. *See* discussion of Government Exhibit 3 *infra*.

F.3d 839, 843 (7th Cir. 2005) (stating that, under *Shepard*, the district court may consider a sentencing transcript, because it has "'the conclusive significance' of a prior judicial record"); *see also United States v. Garcia*, No. 05-41030, 2006 U.S. App. LEXIS 29097, at *11 n.6 (5th Cir. Nov. 22, 2006) (considering sentencing transcript); *United States v. Reeves*, No. CR-05-47-B-W, 2006 U.S. Dist. LEXIS 45721, at *9 n.8 (D. Me. July 5, 2006) (opining in dicta that a transcript of a sentencing proceeding and a judgment would be admissible under *Shepard*, because they are "at least as conclusive a record" as a transcript of a Rule 11 colloquy, which *Shepard* permits). Accordingly, the court admits Government Exhibit 5.

Government Exhibit 7 is an Iowa Department of Correctional Services Presentence Investigation Report ("Iowa PSIR"). The Iowa Department of Correctional Services prepared the Iowa PSIR to assist the state district court in fashioning an appropriate sentence for Defendant. The Iowa PSIR, which is similar in respects to the PSIR, contains background information about Defendant. It appears to be based on a variety of evidence, including interviews with various persons in Defendant's family and the community, victim impact statements, and medical and psychological records. The Iowa PSIR lacks the reliability and conclusiveness of the government's other exhibits from the state court proceedings. For this reason, the court excludes Government Exhibit 7. *See, e.g., Lockwood*, 446 F.3d at 828 (holding state probation reports inadmissible under *Shepard*); *United States v. Lopez-Montanez*, 421 F.3d 926, 931-32 (9th Cir. 2005) (finding presentence report inadmissible and citing *Shepard*).

When the court considers the admissible evidence, the court finds that Defendant's Incest convictions involved force and minors and, therefore, are "relat[ed] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." 18 U.S.C. § 2252A(b)(2). In the Minutes of Testimony, the government alleged that Defendant

repeatedly raped both his fourteen-year-old sister and his thirteen-year-old brother.[7] Gov't Ex. 1, *passim*. At his guilty plea hearing in the state court proceedings, Defendant admitted the substance of the Minutes of Testimony. The following colloquy took place between the judge and Defendant:

> THE COURT: Mr. Hunter, the crime of Incest is . . . contrary to Iowa Code [§] 726.2. It provides, "A person . . . who performs a sex act with another whom the person knows to be related to the person . . . as [a] . . . brother or sister . . . commits [I]ncest."
>
> . . . .
>
> If this matter were to proceed to trial, it would be incumbent upon the State to prove . . . the following elements, that being that with regard to Count I of the . . . Amended and Substituted Trial Information, that between March 1 through December 5, 1995, you performed a sex act or sex acts with [C.H.]; that at the time of the sex act, you and [C.H.] were related to each other as brothers; that at that time, you knew that you and he were so related. Do you understand what I have indicated?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Any questions?
>
> THE DEFENDANT: No.
>
> THE COURT: Have you read the Minutes of Testimony?

---

[7] On seven or eight occasions, Defendant "forced" his sister to engage in vaginal intercourse. Gov't Ex. 1. On approximately ten occasions, Defendant "pick[ed] [his brother] up and thr[e]w him over the shoulder and [took] him to a bedroom where he would engage [his brother] in . . . anal sex against his will." *Id*. Defendant told his sister not to tell anyone about the abuse and threatened to harm his brother if he told anyone. *Id*.

9

THE DEFENDANT: Yes, I have.

THE COURT: Are they factually correct as they relate to this offense?

THE DEFENDANT: To the incest?

THE COURT: Yes.

THE DEFENDANT: Yes, I guess. I'm not really positive on that.

THE COURT: Why don't you take a minute and review them with your lawyer.

(A discussion was held off the record between [Defendant and his attorney].)

THE DEFENDANT: Yes, your Honor.

THE COURT: Between March 1 through December 5, 1995, did you perform a sex act or sex acts with [C.H.]?

THE DEFENDANT: Yes, your Honor, I did.

THE COURT: At the time of those acts or act, were you and he related to each other as brothers?

THE DEFENDANT: Yes, we were.

THE COURT: You obviously knew that you and he were brothers[,] correct?

THE DEFENDANT: Yes.

THE COURT: With regard to Count II of the Trial Information, the State would have to prove the following

> elements, those being that between March 1 through November of 1995, you performed a sex act or sex acts with [K.H.]; that when . . . that act or acts were performed, you were related as brother and sister, and that you knew that you and she were so related. Are the Minutes of Testimony factually correct in this regard?
>
> THE DEFENDANT: Yes, your Honor, they are.
>
> THE COURT: Between March 1 through November of 1995, did you perform a sex act or sex acts with [K.H.]?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Were you and she related as brother and sister?
>
> THE DEFENDANT: Yes, we were.
>
> THE COURT: At the time that those acts were performed, did you know that you were so related?
>
> THE DEFENDANT: Yes, I did.

Gov't Ex. 3, at 4-7.

Defendant contends that the foregoing colloquy does not show that he raped his siblings or that they were minors. He argues that it is "abundantly clear" that he only admitted those particular facts in the Minutes of Testimony that satisfy the legal elements of Incest under Iowa law. He also points out that the judge never asked him any particular questions about the use of force or the age of his siblings.

The court interprets the colloquy much differently than Defendant. Although *Shepard* limits what evidence the court may consider, it does not require the court to "put on blinders" when considering such evidence. In context, it is clear that Defendant was admitting the substance of the Minutes of Testimony. The "incest" and the "sex acts" to

which both Defendant and the judge repeatedly referred to in the colloquy were committed by force and with minors. Indeed, in the Transcript of the Judgment and Sentence, as well as the Order on Judgment and Sentence, the judge seized on the fact that the crimes "involved force." Gov't Ex. 5, at 23; Gov't Ex. 6, at 2. At no time in the state court proceedings did Defendant deny that force or minors were involved in the incest. He did not dispute any aspect of the Minutes of Testimony or the judge's characterizations of his actions. In addition to failing to dispute such matters, Defendant's own counsel characterized her client as a "perpetrator," Gov't Ex. 5, at 20, and referred to his acts as "terrible" for his "victims," *id.* at 18. She indirectly referred to the fact that his victims were minors when she stated that Defendant "was a child also." *Id.* Furthermore, one of Defendant's witnesses at the sentencing characterized Defendant's crimes of Incest as "acts of violence." *Id.* at 13. Examining the admissible state court records as a whole, the inescapable conclusion is that Defendant's prior convictions for Incest involved force and minors.

In sum, the court holds that Defendant's prior convictions for Incest are "relat[ed] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." 18 U.S.C. § 2252A(b)(2). Defendant's statutory mandatory minimum sentence is ten years' imprisonment and his maximum sentence is twenty years' imprisonment. *Id.*

### IV. PATTERN OF ACTIVITY

The remaining issue is whether a five-level upward adjustment is appropriate pursuant to USSG §2G2.2(b)(5).[8] Section 2G2.2(b)(5) provides:

---

8  Although application of the Sentencing Guidelines is no longer mandatory, [in the Eighth Circuit] district courts are still required to consult the Guidelines and take them into account in calculating a defendant's sentence. A district court must

(continued…)

> If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by **5** levels.

USSG §2G2.2(b)(5) (emphasis in original). The Sentencing Commission defines "[p]attern of activity involving the sexual abuse or exploitation of a minor" as

> any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.

USSG §2G2.2, cmt. (n.1). "Sexual abuse or exploitation" includes "conduct described in 18 U.S.C. § 2241 . . . ." *Id.* It "does not include possession, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor." *Id.* The government bears the burden to prove by a preponderance of the evidence that an increase is warranted pursuant to USSG §2G2.2(b)(5). *See United States v. Bender*, 33 F.3d 21, 23 (8th Cir. 1994) ("The government has the burden of proof with respect to the base offense level and any enhancing factors."); *see, e.g., United States v. Stewart*, 462 F.3d 960, 964 (8th Cir.

---

[8](…continued)
calculate a defendant's advisory Guidelines sentencing range based on his total offense level, criminal history category, and any appropriate departures. The court may also vary from the advisory Guidelines range based on the factors set forth in 18 U.S.C. § 3553(a) as long as the resulting sentence is reasonable. Proper application of the Guidelines "remains the critical starting point" for fashioning a reasonable sentence under § 3553(a), and a sentence within the properly calculated Guidelines range is presumed to be reasonable.

*United States v. Jeremiah*, 446 F.3d 805, 807 (8th Cir. 2006) (citing, in part, *United States v. Booker*, 543 U.S. 220, 264 (2005)).

2006) (applying *Bender* principles to §2G2.2(b)(5) enhancement); *United States v. Postel*, No. 05-CR-103-LRR, 2006 WL 2513022, at *4 (N.D. Iowa Aug. 29, 2006) (same).

Defendant contends that the Eighth Circuit Court of Appeals would apply *Shepard* to §2G2.2(b)(5) and limit what evidence the court may consider. Defendant contends that, under *Shepard*, there is no admissible evidence that he sexually abused or exploited a minor in 1995. In response, the government contends *Shepard* does not apply to USSG §2G2.2, and the evidence shows he sexually abused his minor siblings in 1995.

The court assumes without deciding that *Shepard* limits the evidence the court may consider in determining whether a USSG §2G2.2(b)(5) five-level enhancement applies. Even so, the admissible evidence shows that the enhancement applies. It is undisputed that Defendant has two convictions under state law for Incest. As the court's discussion *supra* in Part III shows, the court finds the government has proven that these convictions involved force and minors. Based on the fact of those convictions and the admissible documents from the state court proceedings, the court finds that Defendant repeatedly raped minors in 1995. Raping minors is conduct described in 18 U.S.C. § 2241(a)(1). *See, e.g., United States v. Grassrope*, 342 F.3d 866, 867 (8th Cir. 2003) (discussing 18 U.S.C. § 2241(a)(1) conviction for anal and vaginal rapes). Therefore, a five-level enhancement is appropriate. USSG §2G2.2(b)(5).

It is immaterial that Defendant was convicted under a state statute that does not include force or minors as elements. Section 2G2.2(b)(5) applies "whether or not the abuse . . . resulted in a conviction for such conduct." USSG §2G2.2, cmt. (n.1). The ultimate inquiry is Defendant's conduct, not the elements of the statute of conviction. *See id.*

In the alternative, Defendant claims there is no evidence of a "pattern" of abuse or exploitation. He contends the Sentencing Commission's expansive definition of "pattern"

does not comport with common sense. He points out that the rapes occurred over twelve years ago and "for a limited period of time." Defendant claims the rapes and the instant possession of child pornography are "relatively isolated" acts that cannot fairly be said to be a "composite of traits or features characteristic of [him]."

The court finds Defendant's arguments unavailing. The conduct considered for a USSG §2G2.2 enhancement "'is broader than the scope of relevant conduct typically considered under § 1B1.3.'" *United States v. Ashley*, 342 F.3d 850, 852 (8th Cir. 2003) (quoting U.S. Sentencing Comm'n Guidelines Manual, App. C, at 373). The enhancement applies "whether or not the abuse or exploitation . . . occurred during the course of the offense." USSG §2G2.2, cmt. (n.1); *see, e.g., Ashley*, 342 F.3d at 852 (8th Cir. 2003) (affirming, in conviction for receiving child pornography in 2002, district court's decision to impose a five-level enhancement for pattern of sexual abuse after considering the defendant's convictions in 1997 for sexually abusing his son and daughter).

In sum, the court holds that Defendant "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor," and thus a five-level upward adjustment in Defendant's sentence is appropriate pursuant to USSG §2G2.2(b)(5).

## V. CONCLUSION

At sentencing, the court shall hold that Defendant's prior convictions for Incest are "relat[ed] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." 18 U.S.C. § 2252A(b)(2). Defendant's statutory minimum sentence is ten years' imprisonment and his maximum sentence is twenty years' imprisonment. *Id.* Defendant "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." USSG §2G2.2(b)(5). A five-level upward adjustment in Defendant's sentence is appropriate. *Id.*

**IT IS SO ORDERED.**

**DATED** this 18th day of December, 2006.

                                                          LINDA R. READE
                                                          JUDGE, U. S. DISTRICT COURT
                                                          NORTHERN DISTRICT OF IOWA